USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _________________________ No. 93-1032 IN RE BRIDGET M. HAYES, Debtor. _________________________ BRIDGET M. HAYES, Plaintiff, Appellant, v. JOHN L. SULLIVAN AND JAMES NAGLE, Defendants, Appellees. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge] ___________________ _________________________ Before Selya, Circuit Judge, _____________ Feinberg,* Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _________________________ Daniel J. Carragher, with whom Day, Berry & Howard was on ____________________ ___________________ brief, for appellant. Marshall F. Newman, with whom Newman & Newman, P.C. was on __________________ ______________________ brief, for appellee Sullivan. Mark A. Berthiaume, with whom Daniel H. Conroy and Goldstein __________________ ________________ _________ & Manello, P. C. were on brief, for appellee Nagle. ________________ _________________________ May 13, 1993 _________________________ _______________ *Of the Second Circuit, sitting by designation. Per Curiam. Bridget M. Hayes, a Chapter 7 debtor, Per Curiam. ___________ commenced an adversary proceeding in the bankruptcy court whereby she strove to annul the trustee's public-auction sale of her residence. The debtor named as defendants John L. Sullivan (the successful bidder) and James Nagle (who had subsequently purchased the property from Sullivan). Following a non-jury trial, the bankruptcy court (Kenner, J.) concluded that the sale had been advertised "widely and sufficiently"; that no fewer than six qualified bidders attended the auction; and that Hayes had not proven that the price realized at the auction sale ($110,000) was grossly inadequate. Based on these, and other, findings, the bankruptcy court dismissed Hayes's complaint. On appeal, the district court (Keeton, J.) affirmed. In a lengthy, thoughtful, and comprehensive opinion, Hayes v. _____ Sullivan ___ F. Supp. ___ (D. Mass. 1992) [No. 92-12020-K], the ________ court gave three main reasons for its determination that the bankruptcy court's judgment must stand (any one of which, taken alone, would have required affirmance of the judgment). First, the court held that, under the controlling statute, 11 U.S.C. 363(b)(1), the results of an authorized, completed auction sale could be set aside, in the absence of "fraud, mistake, collusion or similar infirmity only on a showing of gross inadequacy of price." Id. at ___ [slip op. at 12]. ___ Because Hayes met neither the standard's fraud prong nor its adequacy-of-price prong Sullivan was a good-faith purchaser; plaintiff conceded the absence of fraud; and the bankruptcy 2 judge's finding as to the adequacy of the price was not clearly erroneous the district court found that the appeal was groundless. Second, the court held that Hayes, in her presentation before the bankruptcy court, had urged the court to apply the gross inadequacy standard and had thereby waived any right to ask the district court to invalidate the sale for some lesser reason. See id. at ___ [slip op. at 15-16]. In other words, Hayes's ___ ___ argument that the court should examine the transaction under a criterion more searching than gross inadequacy had not been presented face up and squarely in the bankruptcy court and, therefore, could not rewardingly be pressed on appeal. Third, the court ruled that whether it reviewed the outcome of this authorized trustee's sale in bankruptcy either under the gross inadequacy standard or the totality-of-the- circumstances standard pressed on appeal by Hayes, the bankruptcy court's judgment must be affirmed. See id. at ___ [slip op. at ___ ___ 19-20]. This was so because, even if Hayes's newly emergent view of the governing law was both correct and preserved, the facts, as supportably found by the bankruptcy judge, did not sustain her claim. Given the district court's handiwork, we see no need to write at length. Indeed, in cases in which "a trial court has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquent simply to hear its own words resonate." In re San Juan Dupont Plaza Hotel Fire Litig., ___ ________________________________________________ 3 F.2d ___, ___ (1st Cir. 1993) [No. 92-2216, slip op. at 4]. So it is here. Whatever the relative merits of the parties' competing views as to the standard for setting aside authorized, completed trustees' sales under section 363(b)(1) a matter on which we express no opinion it is perfectly plain that, taking the totality-of-the-circumstances approach urged by appellant, and assuming arguendo that Hayes preserved this theory below, the ________ facts as found by the bankruptcy judge cannot begin to carry the burden of Hayes's case. That ends the matter. Because the critical findings of fact are supported by substantial evidence in the bankruptcy court record and are not clearly erroneous, the judgment below must be affirmed. See, e.g., In re Tully, 818 ___ ____ ____________ F.2d 106, 108-110 (1st Cir. 1987) (explicating operation of clearly erroneous rule in bankruptcy cases); Bankr. R. 8013. The judgment is affirmed on the basis of the district court's The judgment is affirmed on the basis of the district court's _________________________________________________________________ opinion. Costs in favor of appellees. opinion. Costs in favor of appellees. _______ ___________________________ 4